MARK D. BRUTZKUS, SBN 128102
LUIS A. GARCIA, SBN 146876
EZRA|BRUTZKUS|GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Telephone: 818-827-9000
Facsimile: 818-827-9099
E-mail:     mbrutzkus@ebg-law.com
            lgarcia@ebg-law.com

Attorneys for Defendants KANDY KISS OF CALIFORNIA, INC., TARGET
CORPORATION and TARGET BRANDS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> TARGET CORPORATION; TARGET BRANDS, INC.; KANDY KISS OF CALIFORNIA INC.; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: CV08-00075 ODW (PLAx) <br><br> STIPULATION AND [PROPOSED] PROTECTIVE ORDER |

## TO THE HONORABLE COURT:

The Parties, by and through their counsel of record herein, hereby stipulate

to the following Protective Order to govern discovery in this case.

### 1. GOOD CAUSE FOR THIS ORDER

This action involves a claim that a number of defendants, including retailers

and garment manufacturers, sold garments bearing a pattern that infringes upon the

plaintiff's copyright. Defendants deny and dispute plaintiff's claims.

1

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

In connection with its claims, Plaintiff L.A. PRINTEX INDUSTRIES, INC. ("Plaintiff") has sought from Defendants Kandy Kiss of California, Inc., Target Corporation and Target Brands, Inc. (hereafter jointly referred to as the "Defendants") the discovery of documents and information that Defendants contend may be particularly sensitive, confidential and proprietary information relating to vendor prices, goods sold, internal operating expenses associated with particular goods, operating margins, gross and net profits and the like. Defendants contend the documents and information requested constitute proprietary, trade secret, and other protected confidential information subject to protection under the Uniform Trade Secrets Act ("UTSA"), which (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." [California Civil Code § 3426.1, subd. (d); Reeves v. Hanlon, 33 Cal. 4th 1140, 1155 (2004)].

Defendants contend the disclosure of such non-public information would give their business competitors a competitive advantage to which they are not lawfully entitled. These Defendants contend they have good cause to protect the confidentiality of their sales and operating information from the public. As this type of confidential sales and operating information is not ordinarily available to other retailers, manufacturers, distributors and vendors, this information, to the

2
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1    extent relevant to this case, Defendants contend this information requires special

2    protection from disclosure pursuant to F.R.C.P. 26(c).

3
     Some of the Defendants are garment retailers that sold the allegedly
4
5    infringing garments to the general public.  The retail Defendants contend that

6    public disclosure of their pricing and profit information would give their business

7
     competitors and unfair advantage and therefore require special protection from
8
9    disclosure pursuant to F.R.C.P. 26(c).

10   Similarly, some of the Defendants are garment manufacturers that supplied

11
     the allegedly infringing items to the various co-defendants.  Defendants contend
12
13   these garment manufacturers are also engaged in a highly competitive industry and

14   they want to keep confidential from the public, as well as the defendant retailers,

15
     information relating to its prices, operating margins, and the like.  The garment
16
17   manufacturers also want to prevent its customers, including the retailer defendants,

18   from knowing the prices at which it provides goods to its other customers.  Again,

19
     Defendants contend this type of confidential sales and operating information is not
20
21   ordinarily available to other garment manufacturers, distributors and vendors, and

22   this information requires special protection from disclosure pursuant to F.R.C.P.

23
     26(c).
24
25   **WHEREAS** Plaintiff L.A. Printex Industries, Inc. and Defendants having

26   stipulated to the following provisions herein and having requested that the Court

27
     issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the
28

3

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

confidentiality of confidential, competitively sensitive and/or proprietary information, that may need to be disclosed to adversary parties in connection with discovery in this case; and

**WHEREAS** the parties have further consented to the form of this Order and stipulated that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED** that any person or party subject to this Order - including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order - shall adhere to the following terms:

2.   **DEFINITIONS**

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure of Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

2.3  "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4  "Highly Confidential – Attorneys' Eyes Only" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c), that is extremely sensitive, disclosure of which to another Party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6  Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.  Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8  Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9.  Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10  House Counsel: attorneys who are employees of a Party.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

### 3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify -- so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not

7

1  qualify for the level of protection initially asserted, that Party or non-party must

2  promptly notify all other parties that it is withdrawing the mistaken designation.

3
4      5.2    Manner and Timing of Designations. Except as otherwise

5  provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as

6  otherwise stipulated or ordered, material that qualifies for protection under this

7  Order must be clearly so designated before the material is disclosed or produced.

8
9  Designation in conformity with this Order requires:

10          (a)    for information in documentary form (apart from

11  transcripts of depositions or other pretrial or trial proceedings), that the Producing

12  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

13
14  ATTORNEYS' EYES ONLY" at the top of each page that contains protected

15  material.  If only a portion or portions of the material on a page qualifies for

16  protection, the Producing Party also must clearly identify the protected portion(s)

17
18  (e.g., by making appropriate markings in the margins) and must specify, for each

19  portion, the level of protection being asserted (either "CONFIDENTIAL" or

20  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

21
22          A Party or non-party that makes original documents or materials

23  available for inspection need not designate them for protection until after the

24  inspecting Party has indicated which material it would like copied and produced.

25  During the inspection and before the designation, all of the material made available

26
27  for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

28

8

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)     for testimony given in deposition or in other pretrial or trial proceedings. that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific

9

portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)  for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3  Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the

Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Compliance With Local Rules. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must comply with all pre-filing and filing requirements of Local Rule 37.

6.3 Standards Governing Motion. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

12

this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (d)    the Court and its personnel;

        (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

        (g)    the author of the document or the original source of the information.

    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) House Counsel of a Receiving Party to whom disclosure is reasonably necessary for this litigation, and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f) the author of the document or the original source of the information.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

14

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. To the extent documents have already been subpoenaed prior to the time that this

15

1   Order is entered, the Parties have 3 days from the date of entry of this Order to

2   designate any such documents as Protected Material.

3

4

5       9.    **UNAUTHORIZED DISCLOSURE OF PROTECTED**

6             **MATERIAL**

7             If a Receiving Party learns that, by inadvertence or otherwise, it has

8

9   disclosed Protected Material to any person or in any circumstance not authorized

10  under this Stipulated Protective Order, the Receiving Party must immediately (a)

11  notify in writing the Designating Party of the unauthorized disclosures, (b) use its

12

13  best efforts to retrieve all copies of the Protected Material, (c) inform the person or

14  persons to whom unauthorized disclosures were made of all the terms of this

15  Order, and (d) request such person or persons to execute the "Acknowledgment

16

17  and Agreement to Be Bound" that is attached hereto as Exhibit A.

18

19

20      10.   **FILING PROTECTED MATERIAL**

21            Without written permission from the Designating Party or a court order

22  secured after appropriate notice to all interested persons, a Party may not file in the

23  public record in this action any Protected Material. A Party that seeks to file under

24

25  seal any Protected Material must comply with Civil Local Rule 79-5.

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12. USE OF DOCUMENTS AT TRIAL**

Once the case proceeds to trial, documents that were designated as Confidential may be admitted as evidence at trial without regard to the provisions of the Protective Order, subject to any other available objections by any party. Anyone who wishes to have such documents treated as Confidential may renew their request before the trial judge.

**13. MISCELLANEOUS**

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**STIPULATION**

Dated: April 14, 2008

THE LINDE LAW FIRM

By
Douglas A. Linde
Erica L. Allen
Attorneys for Plaintiff
**L.A. PRINTEX INDUSTRIES, INC.**

18
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1    Dated:  April 14, 2008                EZRA | BRUTZKUS | GUBNER LLP

2

3                                          By:
                                           Mark D. Brutzkus
4                                          Luis A. Garcia
                                           Attorneys for Defendants
5                                          **KANDY KISS OF CALIFORNIA, INC.**
                                           **TARGET CORPORATION** and
6                                          **TARGET BRANDS, INC.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    19

# PROTECTIVE ORDER

The foregoing Stipulation and Order for Protection of Confidential Material

(the "Stipulation for Protective Order") is hereby approved, and

**IT IS SO ORDERED.**

Dated: __4/15/08__

_____

HON. PAUL L. ABRAMS

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

# EXHIBIT A

## CERTIFICATE OF NON-DISCLOSURE

I understand that access to information as CONFIDENTIAL

INFORMATION or CONFIDENTIAL-ATTORNEYS EYES ONLY is provided

to me under the terms and restrictions of a Stipulation and Protective Order. I have

received a copy of the Stipulation and Protective Order, have read it, and agree to

be bound by its terms. I will not mention, disclose, or use information designated

as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEYS EYES

ONLY that is provided to me in connection with this action except as permitted by

the Stipulation and Protective Order.


Dated: _____

Signatures: _____

Print Name: _____

Title: _____

Company: _____

STIPULATION AND [PROPOSED] PROTECTIVE ORDER