**DOUGLAS A. LINDE, ESQ. (SBN 217584)**
**ERICA L. ALLEN, ESQ. (SBN 234922)**
**THE LINDE LAW FIRM**
9000 Sunset Boulevard, Ste. 1025
Los Angeles, California 90069
(310) 203-9333; (310) 203-9233 FAX

Attorneys for Plaintiffs, LA PRINTEX INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA PRINTEX INDUSTRIES, INC. | Case No. CV08-00075 ODW (PLAx) |
| | Honorable Otis D. Wright |
| Plaintiffs, | Complaint filed: January 7, 2008 |
| v. | |
| | **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| TARGET CORPORATION; TARGET BRANDS, INC.; KANDY KISS OF CALIFORNIA, INC.; HONGDOU, INC.; TEX-ELLENT, INC.; SHAHRAM ZACKARY d/b/a PARAMOUNT TEXTILE, INC. and DOES 1 though 10, inclusive, | **(L.R. 16-4)** |
| | Final Pre-trial Conference: June 29, 2009 |
| Defendants. | |

**TO THE HONORABLE COURT:**

Pursuant to Local Rule 16-4 Plaintiff hereby submits its memorandum of contentions of fact and law.

///

///

///

1

Plaintiff's Memorandum Of Contentions Of Fact And Law

**I. Claims and Defenses (L.R. 16-4.1)**

(a) Summary Statement Of Claims

Plaintiff has pled and intents to pursue the claim that Defendants violated 17 U.S.C. 101, et seq. when they printed and sold fabric and/or garments bearing Plaintiff's original, copyright protected design E-50159.

(b) Elements Required To Establish Plaintiff's Claims

In order to establish Plaintiff's claim Plaintiff must prove the following elements:

1. Plaintiff is the owner of a valid copyright; and
2. The defendant copied original elements from the copyrighted work.

(c) Brief Description Of Key Evidence

In 2006, Cindy Song, a designer for LA Printex Industries, Inc., working in the course and scope of her employment with LA Printex Industries, Inc., created a paisley design called E-50159. Shortly after the design was created by LA Printex, it was sampled by L'Amour, a company owned by Abraham Zackaria, who is a current employee of Defendant Tex-Ellent, Inc., and who is a relative of Defendant Shoram Zackary. Thereafter, Defendant Shoram Zackary dba Paramount Textile, Inc., provided the design to Defendant Kandy Kiss of California, Inc., who in turn had the garments bearing the E-50159 design printed in China with the assistance of Defendant Hongdou,

Inc. The garments were then sold Target Corporation, who sold them to the public through their retail stores. The designs on the garments at issue are substantially similar, if not identical, to Plaintiff's copyright protected design.

(h) Anticipated Evidentiary Issues

Plaintiff anticipates the following evidentiary issues

i. *Fraud On The Copyright Office*. Plaintiff anticipates that Defendant will argue that Plaintiff's copyright is invalid under the Fraud On The Copyright Office, because Plaintiff allegedly put the wrong date of first publication on its registration, and did not list the work in question as a derivative work. However, as set forth more fully in its Motion In Limine, this argument is entirely misguided. First, Defendants fall woefully short of the standard for proving fraud on the copyright office. "The case law is overwhelming that inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement." *Urantia Foundation v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997).

ii. *Other Creators Of The Design*: Through discovery Plaintiff asked Defendants to identify any persons or entities who they contended

designed the pattern appearing on their garments. They could not provide an answer. Accordingly, they should not be permitted to present such evidence at trial.

iii. *Other Lawsuits*: Plaintiff LA Printex Industries, Inc., has filed other copyright infringement lawsuits against other parties, never losing one, and amazing record. Nevertheless, Plaintiff anticipates that Defendant will try to raise these other lawsuits to smear Plaintiff. Such evidence is inadmissible and should be excluded. *Outley v. City of New York*, 837 F.2d 587 (2nd Cir. 1988) ("a plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant. The trial court has a duty to prevent exploitation of this prejudice . . . ."). This threatens to make the trial in this matter devolve into mini trials as to the merits of numerous other lawsuits filed by Plaintiff. Such evidence is inadmissible and should be excluded.

iv. *Plaintiff's Other Designs*. Plaintiff has a design team, whose full time jobs are to create new and exciting designs, which are then registered with the Copyright Office. To date, Plaintiff has over 1,000 designs. Plaintiff anticipates that Defendant will attempt to present evidence of some of Plaintiff's other designs that are not at issue in this case, in order to argue that because those designs are not copyrightable or not original, the E-

51059 design in this case is not copyrightable. This threatens to make the trial in this matter devolve into mini trials on tens, hundreds or thousands of other designs. Such evidence is inadmissible and should be excluded.

v. *Character Evidence Against Jae S. Nah*. Since the time LA Printex Industries, Inc., filed its first lawsuit, its president Jae S. Nah, has been forced to bear the slings and arrows of outrageous accusations, and character assassination. All such allegations and innuendo should be excluded as character evidence under FRE 608.

vi. *Plaintiff Was Suspended By The Franchise Tax Board.* In 2005, long before any event relevant to this case occurred, Plaintiff forgot to pay its dues, and was suspended by the Franchise Tax Board, only to subsequently cure this defect and be reinstated to the active status it currently enjoys. The law is clear that once this is cured, as it has been, it has no legal effect whatsoever. *Benton v. County of Napa*, 277 Cal. Rptr. 541 (1991); *Sade Shoe Co. v. Oschin & Snyder*, 266 Cal. Rptr. 619 (1990). Accordingly, this evidence should be excluded.

(i) <u>Anticipated Issues Of Law</u>

*Whether Fraud On The Copyright Office Is A Jury Question.* Defendants seek to present the issue of whether Plaintiff committed "Fraud On The

5
Plaintiff's Memorandum Of Contentions Of Fact And Law

Copyright Office" to the jury.  However, as Section 411(b)(2) makes clear, the question of whether any "fraud on the Copyright Office" would have led to a refusal of registration is an administrative question exclusively decided by the Copyright Office, and is not a jury question.  Nevertheless, Defendant seeks to present this question to the jury, who has no familiarity with the governing standards, no capacity, no foundation, and no basis to make such a determination, presumably in the hopes that it has a 50/50 chance that the jury will "guess" that Plaintiff committed fraud on the copyright office.  This, of course, is inappropriate.

## II. Bifurcation of Issues (L.R. 16-4.3)

Plaintiff requests bifurcation of liability from damages.

## III. Jury Trial (L.R. 16-4.4)

Plaintiff timely made a jury demand in this case and believes Plaintiff is entitled to a jury trial as a matter of right by this Memorandum, Plaintiff continues that request.

## IV.  Attorneys Fees (L.R. 16-4.5)

Should Plaintiff prevail at trial, Plaintiff will seek reasonable attorney's fees pursuant to 17 U.S.C. 505.

**V. Abandoned Issues (L.R. 16-4.6)**

  Plaintiff has not abandoned any issues.

Dated: July 22, 2009         THE LINDE LAW FIRM

                   By: _/s/ Douglas A. Linde_____
                   Douglas A. Linde
                   Erica L. Allen
                   Attorneys for Plaintiff
                   LA PRINTEX INDUSTRIRES, INC.